UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ERIC YAX,

                Plaintiff,

    v.

CAESARS OPERATING COMPANY, INC., HARRAHS LAS VEGAS, *et al.*,

                Defendants.

Case No. 2:14-CV-1503-KJD-GWF

ORDER

       Before the Court is Plaintiff's Motion to Amend Complaint (#10), to which Defendants responded (#16) and the time has long expired for Plaintiff to reply. Also before the Court is Defendants' Motion for Partial Dismissal of Plaintiff's Complaint (#8). Plaintiff responded (#9) and Defendants replied (#14).

**I. Motion to Amend**

       Plaintiff seeks to amend his complaint to replace ROE 1 with "Caesars Operating Company, Inc. Agent for Harrah's Las Vegas," as a defendant in this matter. Plaintiff has already named Caesars Operating Company, Inc., Harrahs Las Vegas as a defendant. Defendant Harrah's Las Vegas, LLC asserts that it is the only proper defendant, and that Plaintiff has incorrectly identified it.

       **A. Legal Standard**

       Plaintiff moves to amend under Federal Rule of Civil Procedure 15(a) which states that "[t]he court should freely give leave when justice so requires." Typically, amendment is permitted "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999) (internal quotation omitted).

**B. Analysis**

Defendants argue that Plaintiff's motion is futile because some—but not all—of Plaintiff's claims are subject to a meritorious motion to dismiss. Regardless of whether the motion to dismiss has merit, the existence of claims unaffected by the motion to dismiss eviscerates this argument. The amendment would clearly not be futile as to the remaining claims. Defendants also argue that amendment is improper under Rule 15(c)(1)(C). However, Rule 15(c) deals with the relation back of amendments. Whether the amendment relates back is not an issue currently before the Court, making Defendants' argument irrelevant. At bottom, despite the Court's misgivings that the amendment will ultimately be futile, the Court finds that justice requires that Plaintiff be given leave to amend.

**II. Motion to Dismiss**

Both of the parties represent to the Court that the only change in what is now the First Amended Complaint is the adding of a named defendant. Accordingly, as the substance of the complaint has not changed, the Court will consider Defendants' Motion to Dismiss (#8) as a motion to dismiss the First Amended Complaint.

**A. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citation omitted).

2

1    In <u>Iqbal</u>, the Supreme Court clarified the two-step approach district courts are to apply
2    when considering motions to dismiss. First, a district court must accept as true all well-pled
3    factual allegations in the complaint; however, legal conclusions or mere recitals of the elements
4    of a cause of action, supported only by conclusory statements, are not entitled to the assumption
5    of truth. <u>Id.</u> at 678. Second, a district court must consider whether the factual allegations in the
6    complaint allege a plausible claim for relief. <u>Id.</u> at 679. A claim is facially plausible when the
7    plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the
8    defendant is liable for the alleged misconduct. <u>Id.</u> at 678. Further, where the complaint does not
9    permit the court to infer more than the mere possibility of misconduct, the complaint has
10   "alleged—but it has not show[n]—that the pleader is entitled to relief." <u>Id.</u> at 679 (internal
11   quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from
12   conceivable to plausible, the complaint must be dismissed. <u>Twombly</u>, 550 U.S. at 570.
13   Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in
14   the light most favorable to the non-moving party." <u>In re Stac Elecs. Sec. Litig.</u>, 89 F.3d 1399,
15   1403 (9th Circ. 1996) (citation omitted).

**B. Analysis**

**i. State Law Claims of Disability Discrimination and Retaliation**

These claims are brought under NRS 613.310 *et seq.*, making them subject to NRS 613.430, a statute of limitation which requires that such claims be brought within "180 days after the date of the act complained of." However, the statute is tolled during the pendency of the complaint before the Nevada Equal Rights Commission. NRS 613.430.

Here, the last act complained of occurred on February 23, 2013, the date Defendants terminated Plaintiff. Accordingly, Plaintiff had until August 23, 2013 to file his state actions authorized under NRS 613.310 through 613.435. However, on August 19, 2013, Plaintiff filed a charge with the Nevada Equal Rights Commission (NERC), which tolls the period. Unfortunately, neither party has provided evidence regarding when the NERC terminated the

1  complaint. Nor have Defendants provided any authority for their assumption that issuance of a
2  right-to-sue letter by the Equal Employment Opportunity Commission (EEOC) is synonymous
3  under NRS 613.420 with NERC failing to conclude that an unfair employment practice occurred.
4  Accordingly, the Court is unable to determine whether Plaintiff's state law claims are timely
5  filed.

### ii. Federal Claim for Retaliation

7  This claim is brought under 42 U.S.C. § 2000e *et seq.*, which requires that upon the
8  EEOC's failure to file a civil action (including by dismissing the charge), the EEOC shall notify
9  the aggrieved person that they have ninety days from the date of notice to bring a civil action
10  against the respondent named in the charge. 42 U.S.C. § 2000e-5(f)(1). This ninety-day period is
11  a statute of limitations, and failure to file within the period bars a plaintiff's action. Scholar v.
12  Pac. Bell, 963 F.2d 264, 267 (9th Cir. 1992).

13  Here, Plaintiff filed a charge of retaliation with the EEOC on March 1, 2013. The EEOC
14  issued a dismissal and right-to-sue letter on April 12, 2013, triggering Plaintiff's ninety-day
15  window to bring a civil action. Thus, Plaintiff had until July 12, 2013 to file his claim. However,
16  suit was not filed until September of 2014, more than a year after the statute of limitations had
17  expired.

18  Plaintiff also filed a second charge which included both disability discrimination and
19  retaliation on August 12, 2013, stemming from precisely the same conduct originally charged,.
20  However, that second charge is irrelevant to this Court's analysis of the timeliness of Plaintiff's
21  retaliation claim. The Ninth Circuit has bluntly stated "To accept the EEOC's action in issuing
22  [a] second letter as proper would vitiate the congressionally mandated period of limitation in
23  favor of a hodgepodge of ad hoc determinations by the EEOC." Cleveland v. Douglas Aircraft
24  Co., 509 F.2d 1027, 1030 (9th Cir. 1975) overruled on other grounds. At bottom, "[t]he EEOC
25  ha[s] no authority to issue such a letter" meaning that the statutory period runs "from the
26  issuance of the first letter." Id. at 1030. Nor is the Ninth Circuit alone in this conclusion;

calculating the ninety-day period from any date other than the initial right-to-sue letter would render the statutory limitation "meaningless, because potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased." Soso Liang Lo v. Pan Am. World Airways, Inc., 787 F.2d 827, 828 (2d Cir. 1986).

### iii. Intentional Infliction of Emotional Distress

Plaintiff has failed to meet his burden. Not only has Plaintiff failed to plead sufficient facts to move the claim from the speculative to the plausible, but Plaintiff has entirely failed to plead some elements of the claim, such as a physical manifestation of emotional distress. See Barmettler v. Reno Air, Inc., 956 P.2d 1382, 1387 (Nev. 1998). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

**III. Conclusion**

Accordingly, Plaintiff's Motion to Amend Complaint (#10) is **HEREBY GRANTED**. The Clerk shall file Exhibit #1 to the Motion (#10) as the First Amended Complaint. Further, Defendants' Motion to Dismiss (#8) is **HEREBY GRANTED** in part as to the claim of Intentional Infliction of Emotional Distress and the federal claim of Retaliation. Defendants' Motion (#8) is **DENIED** in part as to all remaining claims. Because it appears to the Court that Plaintiff may be able to correct the deficiencies of the First Amended Complaint with regard to the claim of Intentional Infliction of Emotional Distress, the Court is willing to entertain a second motion to amend Plaintiff's complaint. However, such a motion must be properly filed within one week of the entry of this order.

DATED this 18th day of December 2014.

_____
Kent J. Dawson
United States District Judge